## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORIO HERNANDEZ MORENO<br>c/o Jacob Burns Community Legal Clinics<br>George Washington University Law School<br>2000 G St. N.W.<br>Washington, D.C.  20052<br><br>*Plaintiff,*<br><br>v.<br><br>D&A Contractors, Inc.<br>1520 Vivian Place<br>Silver Spring, MD 20902<br><br>and<br><br>Kosmos Solutions, LLC<br>3022 Javier Rd. STE 100<br>Fairfax, VA 22031<br><br><br>*Defendants* | Civ. No.<br>Jury Trial Demanded |

## COMPLAINT

1. Plaintiff,  Gregorio Hernandez Moreno (" Mr. Hernandez"), brings this action under

   the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. against his former

   employers, D&A Contractors, Inc., and Kosmos Solutions, LLC (d.b.a. KSi

   Construction Staffing) ("Defendants").  From approximately August 2012 to

   December 2012, Mr. Hernandez generally worked between forty and fifty hours per

   week as a construction worker on sites under construction by defendant D&A

   Contractors.  However, Defendants did not fully compensate Mr. Hernandez for all the

1

hours he worked, and failed to pay Mr. Hernandez the required overtime premium for the hours worked in excess of forty hours per week.  In addition, Mr. Hernandez was terminated in retaliation for complaining about the non-payment of wages and failure to pay the required overtime premium, in violation of the FLSA, 29 U.S.C. § 215.

2. Mr. Hernandez also alleges that pursuant to the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1302, -1303, he is also entitled to unpaid wages withheld by Defendants for various weeks during his employment, Through this action, Mr. Hernandez seeks unpaid wages, overtime wages, liquidated damages, reasonable attorney's fees, litigation costs, and prejudgment interest.

## JURISDICTION AND VENUE

3. Jurisdiction is proper because this Court has subject matter jurisdiction over Mr. Hernandez's FLSA claims pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiffs' D.C. Wage Payment and Collection Act claims pursuant to 28 U.S.C. § 1367. Additionally, this Court has jurisdiction over Mr. Hernandez's FLSA claim pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2)  because a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia.

## PARTIES

5. Mr. Hernandez is a resident of the District of Columbia.

6. Defendant D&A is a limited liability company operating as a construction company and conducting business in the District of Columbia, Maryland and Virginia.

2

7. Defendant Kosmos, which does business as KSi, operates a staffing agency employing day laborers, and is a limited liability company incorporated in Virginia, and conducting business in the District of Columbia, Maryland and Virginia.

8. Defendants manage construction projects in the District of Columbia and Virginia.

9. At all times material to this action, Mr. Hernandez was an employee of the Defendants within the meaning of FLSA, 29 U.S.C. § 203(e)(1), because Defendants hired Mr. Hernandez, permitted him to work, and at times partially paid him for his work.

10. At all times material to this action, Defendants were "employers" within the meaning of FLSA, 29 U.S.C. § 203(d), because the Defendants provided work schedules, payment, supervision, and instructions to Mr. Hernandez in order to serve the Defendants' interests.

11. At all times material to this action, Defendant D&A used the services of Defendant Kosmos as a labor contractor for the purposes of finding employees to do the work on D&A's construction sites.

12. Plaintiff was jointly employed by Defendants, and, throughout his joint employment, he was under the common control of Defendants and/or non-party contractors and performed work that simultaneously benefitted both Defendants.

## FACTUAL ALLEGATIONS

13. Mr. Hernandez was jointly employed by Defendants from approximately August 2012 until December 1, 2012.

14. During Mr. Hernandez's employment with Defendant, he regularly engaged in interstate commerce pursuant to FLSA, 29 U.S.C. §§ 203(b), 207(a), as Mr. Hernandez worked on construction sites for Defendants in the District of Columbia and Virginia

3

and was engaged in trade, commerce and the transportation of goods and services between and among states.

15. Defendants are "enterprises engaged in commerce" under 29 U.S.C. § 203(s)(1)(A) because they have employees handling, selling, or otherwise working on goods a that have been moved in commerce, and have annual gross volume of sales exceeding $500,000.

16. Throughout his employment with the Defendants, Mr. Hernandez had various duties as a construction worker, including but not limited to cleaning and preparing construction sites by removing debris and possible hazards, loading or unloading building materials to be used in construction, building or taking apart bracing, barricades, forms (molds that determine the shape of concrete), scaffolding, and temporary structures, digging trenches, backfilling holes, and compacting earth to prepare for construction, demolition of buildings, operating or tending equipment and machines used in construction, such as concrete mixers, helping other craft workers with their duties, and following construction plans and instructions from the Defendants.

17. For his employment from approximately August 2012 to December 2012, Defendants promised to pay Mr. Hernandez at a rate of $15.00 per hour.

18. For his employment from approximately August 2012 to December 2012, when Defendants chose to pay Mr. Hernandez at all, he was paid at various hourly rates ranging between $10.00 to $11.00 per hour.

19. From approximately August 2012 to December 2012, Defendants required Mr. Hernandez to generally work a schedule from 6:00 a.m. – 2:30 p.m. on Monday through Friday. On some occasions, Defendants directed Mr. Hernandez to work past

2:30 p.m. and on some Saturdays. Mr. Hernandez received thirty minutes of unpaid lunch time each day.

20. From approximately August 2012 to September 29, 2012, Mr. Hernandez worked for Defendants at a construction site at Howard University Hospital located in Washington, D.C.  While working at this site, Mr. Hernandez worked approximately 248.5 hours, about 8.5 hours of which were overtime hours. For the hours worked at this site, Mr. Hernandez was paid a total of approximately $528.00.

21. From approximately October 1, 2012 to December 1, 2012, Mr. Hernandez worked for Defendants at a construction site at the Arlington County Transit Bureau Building located in Arlington, VA. While working at this site, Mr.  Hernandez worked a total of approximately 417 hours, about 65 hours of which were overtime hours. For the hours worked, Mr. Hernandez was paid a total of approximately $1,990.00.

22. Mr. Hernandez often worked for Defendants in excess of forty hours per work week ("Overtime Hours").

23.  When Mr. Hernandez worked Overtime Hours, Defendant failed to pay him the overtime premium of one and half times of his regular hourly pay rate.

24. In addition, the Defendants regularly failed to pay Mr. Hernandez his promised hourly rate at all.

25.  In November 2012, Mr. Hernandez complained about his unpaid wages and unpaid overtime wages to Mr. Demetre Ventouris, co-founder and Vice-President of D&A, at the Arlington, VA construction site.

26. No payment forthcoming, shortly after complaining to Mr. Ventouris, Mr. Hernandez went to the Howard University Hospital work site and complained again about non-

payment of wages and overtime premium to Mr. Jose Saldivar, an employee of D&A, who participated in hiring Mr. Hernandez and who was one of Mr. Hernandez's supervisors at work.

27. The next day, Mr. Hernandez returned to the Arlington, VA construction site and was terminated by one or more employees of D&A.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages Under the Fair Labor Standards Act)

28. Plaintiff alleges and incorporates by reference all of the above allegations.

29. The FLSA requires that employers pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one work week, pursuant to 29 U.S.C. §207(a)(1).

30. All joint employers are individually liable for FLSA violations. *See* 29 C.F.R. § 791.2(a).

31. Defendants violated the FLSA by failing to compensate Mr. Hernandez at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work week, in violation of 29 U.S.C. §207(a)(1).

32. Defendants are liable to Plaintiff, under 29 U.S.C. §§ 207 and 216 of the FLSA, for his unpaid overtime compensation, plus an equal amount as liquidated damages; court costs; and reasonable attorneys' fees and expenses.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Minimum Wages Under the Fair Labor Standards Act)

33. Plaintiff alleges and incorporates by reference all of the above allegations.

34. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress, currently $7.25 per hour. 29 U.S.C. §206(a)(1).

35. All joint employers are individually liable for FLSA violations. *See* 29 C.F.R. § 791.2(a).

36. Defendants violated the FLSA by failing to pay Mr. Hernandez the minimum wage required by the FLSA, 29 U.S.C. §206, for hours during which he was not paid at all.

37. Defendants are liable to Plaintiff, under 29 U.S.C. §§ 206 and 216 of the FLSA, for his unpaid minimum wage, plus an equal amount as liquidated damages; court costs, and reasonable attorneys' fees and expenses.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

38. Plaintiff alleges and incorporates by reference all of the above allegations.

39. In August 2012, Mr. Hernandez and Defendants entered into an employment agreement in which Mr. Hernandez agreed to work for Defendants in exchange for payment in the amount of $15.00 per hour.

40. Between August 2012 and December 2012, Mr. Hernandez was employed by Defendants at construction sites in the District of Columbia and Virginia but was not paid the agreed upon hourly wage. Instead, Mr. Hernandez was either paid a lower hourly wage, or alternatively, not paid at all.

41. Defendants breached the contract by failing and refusing to pay Mr. Hernandez the promised hourly wage, or any wage at all for some of the hours Mr. Hernandez worked for the Defendants.

7

42. Defendants' failure and refusal to pay the agreed upon wages was willful and intentional, was not the result of any bona fide dispute between Mr. Hernandez and Defendant, and was not in good faith.

## FOURTH CLAIM FOR RELIEF

### (Quantum Meruit)

43. Plaintiff alleges and incorporates by reference all of the above allegations.

44. Mr. Hernandez performed construction work for Defendants under circumstances in which he reasonably expected that he would be compensated reasonably by Defendants for his work.

45. Throughout his employment, Mr. Hernandez rendered valuable services to Defendants.

46. Those services were accepted by Defendants.

47. Defendants were reasonably notified that Mr. Hernandez expected to be compensated for the services rendered.

48. Defendants failed to pay Mr. Hernandez the reasonable value of the construction services rendered. It would be unjust and inequitable for Defendants to benefit by the value of the services rendered by Mr. Hernandez without paying compensation for those services.

49. Defendants have failed to pay Mr. Hernandez the reasonable value for services rendered.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

50. Plaintiff alleges and incorporates by reference all of the above allegations.

8

51. Defendants have been unjustly enriched because they failed to pay Mr. Hernandez the value of his services.

52. As a proximate result of Defendants' conduct, Mr. Hernandez has suffered damages.

53. It would be unfair and inequitable for Defendants to be permitted to retain such benefits without paying Mr. Hernandez the value of the benefits conferred.

54. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Mr. Hernandez. Specifically, Defendants' unfair and illegal withholding of Mr. Hernandez's wages as described above has enabled Defendants to profit and withhold wages earned by Mr. Hernandez, unjustly enriching Defendants at Mr. Hernandez's expense in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act - Retaliatory Discharge)

55. Plaintiff alleges and incorporates by reference all of the above allegations.

56.  In late November 2012, Mr. Hernandez complained to two D&A employees, one being the Vice-President, that he was not being paid for the time he worked as well was not getting paid for overtime hours.

57. Specifically, Mr. Hernandez complained that he was not getting paid all of his wages as well as not being paid one and half time of hourly pay rate as overtime premium. Mr. Hernandez engaged in statutorily protected activity with the knowledge of his employers.

58. Shortly thereafter, Defendants terminated Mr. Hernandez.  This constituted adverse action against Mr. Hernandez.

59. Mr. Hernandez was terminated because of his complaints concerning overtime, minimum wage, and payment in general.

60. Defendants' retaliatory conduct violated the FLSA, 29 U.S.C. § 215(a).

## SEVENTH CLAIM FOR RELIEF

### (Violations of D.C. Wage Payment and Collection Law,

### D.C. Code. Ann., §§ 32-1302, -1303)

61. Plaintiff alleges and incorporates by reference all of the above allegations.

62. Defendants failed to pay Mr. Hernandez the outstanding wages and overtime wages to which he was entitled by the day after the date of termination.

63. Defendants failed to pay Mr. Hernandez the required wage for each hour that Mr. Hernandez worked.

64. The failure on the part of the Defendants to pay Mr. Hernandez all the wages to which he was entitled violated the District of Columbia Wage Payment and Collection Law, D.C. Code Ann., § 32-1302, because that statute requires employers to pay all wages earned by employees at least twice a month.

65. The failure on the part of Defendants to pay Mr. Hernandez wages to which he was entitled within four days of termination is a violation of the District of Columbia Wage Payment and Collection Law, D.C. Code Ann., § 32-1303, because that statute required the Defendants to pay Mr. Hernandez all wages earned on the working day following the date of discharge.

## PRAYER FOR RELIEF

66. **WHEREFORE**, the Plaintiff,  Gregorio Hernandez Moreno, respectfully prays that

this Court enter judgment against Defendants jointly and severally, in Mr. Hernandez's

favor on all counts, and grant the following relief:

      a.     Award Mr. Hernandez his unpaid minimum wages, plus liquidated

damages, pursuant to 29 U.S.C. §§ 206 and 216, in an amount to be proven at trial;

      b.     Award Mr. Hernandez his unpaid overtime wages, plus liquidated

damages, pursuant to 29 U.S.C. §§ 207 and 216, in an amount to be proven at trial;

      c.     Award Mr. Hernandez damages for their retaliatory discharge, including

punitive damages,  pursuant to 29 U.S.C. § 215(a), in an amount to be proven at trial;

      d.     Award  Mr. Hernandez liquidated damages,  costs and attorneys' fees

incurred in this action, as provided for by 29 U.S.C. § 216(b);

      f.     Award Mr. Hernandez his unpaid wages, liquidated damages, costs and

attorney's fees pursuant to the D.C. Wage Payment and Collection Law, D.C. Code

Ann., §§ 32-1302, 1303

      g.     Award Mr. Hernandez disgorgement and damages under theories of

breach of contract, quantum meruit and unjust enrichment in an amount to be proven

at trial.

      h.     Award any other and further legal and equitable relief, as the Court deems

just and necessary.

Dated: March 21, 2014

11

Respectfully submitted,

_____
Jeffrey S. Gutman (D.C. Bar # 416954)
Professor of Clinical Law

Boris Kuperman
(Student Attorney Practice # 13575)
Hina Gupta
(Student Attorney Practice # 13539)
Student Advocates
George Washington University Law School
Public Justice Advocacy Clinic
2000 G St., N.W.
Washington, D.C. 20052
(202) 994-5797 (tel)
(202) 994-4946 (fax)
jgutman@law.gwu.edu (e-mail)